Tyrone BRAND, Petitioner,

v.

Frank GILLIS, et al., Respondents.

No. 99 CV 5056.

United States District Court, E.D. Pennsylvania.

July 3, 2002.

Michael C. Schwartz, Philadelphia, PA, for petitioner.

Jeffrey M. Krubek, Donna Zucher, David Curtis Glebe, District Attorney's Office, Philadelphia, PA, for respondents.

### *MEMORANDUM AND ORDER*

ANITA B. BRODY, District Judge.

Petitioner, Tyrone Brand ("petitioner" or "Brand"), a state prisoner incarcerated at the State Correctional Institute in Coal Township, Pennsylvania, seeks federal habeas corpus relief pursuant to 28 U.S.C. § 2254 (" § 2254") and filed a petition in this court on October 13, 1999. I referred this petition to United States Magistrate Judge Carol Sandra Moore Wells on October 29, 1999, in accordance with 28 U.S.C.

§ 636(b)(1)(B). On June 1, 2000, Judge Wells filed a Report and Recommendation ("R & R") recommending that I deny Brand's petition for a writ of habeas corpus. Petitioner filed his objections to the R & R on June 15, 2000. Respondents replied to those objections on June 20, 2000. For the reasons that follow, I overrule petitioner's objections, adopt the R & R, and deny Brand's petition in its entirety.[1]

## I. *Factual and Procedural History* [2]

On October 31, 1986,[3] petitioner, an employee of the Philadelphia Electric Company, left work with one of his colleagues, Robin Harris ("Harris"). Brand, who had already had two drinks during the work day, and Harris went to a bar where Brand consumed eight straight vodkas and a beer between 5:00 P.M. and 9:30 P.M. Because of his level of intoxication, Brand asked Harris to drive him home. Harris agreed, but on the way there, stopped at the Sugar Sticks Bar in Germantown for another drink. However, the owner of the bar refused to serve Brand because of he appeared drunk. Harris and Brand then exited the bar. Just outside of the bar, Harris encountered Olious Hightower ("Hightower"), who she knew from the

neighborhood. While at trial the parties presented differing versions of the intervening events, it is undisputed that Brand, while driving his car, left the roadway and struck Harris and Hightower as they walked along the sidewalk. While Hightower escaped with relatively minor injuries, Harris died eleven days later due to her head injuries.

After a nonjury trial, on November 22, 1988, the Honorable Theodore A. McKee found Brand guilty of first degree murder, driving under the influence, simple assault, and a series of weapons offenses. Petitioner filed post-verdict motions with the trial court, claiming the evidence was insufficient to support a first degree murder conviction and the verdict was against the weight of the evidence because the court failed to properly consider Brand's level of intoxication. Additionally, trial counsel urged that the court should grant Brand's request for a new trial, based on the partial recantation of the testimony of a fireman on the scene, who had testified that Brand referred to Harris as "bitch" almost immediately after the incident.[4] After a hearing on these motions, Judge McKee denied them in their entirety and on July 12, 1989, imposed a mandatory sentence of

1. On March 26, 2002, I set an evidentiary hearing in this matter for May 30, 2002. After a pre-hearing conference with the parties on May 22, 2002, I determined that I would not hold the hearing as I am required to apply the presumption of correctness to the factual determinations of the state courts, absent presentation of "clear and convincing" evidence to rebut this presumption. *See* 28 U.S.C. § 2254(e)(1); *Brosius v. Warden, U.S. Penitentiary, Lewisburg, PA,* 278 F.3d 239, 245 (3d Cir.2002). Petitioner did not contest the cancellation of the hearing, choosing to rely on the facts as developed in the various state court decisions.

2. For a more detailed description of the factual background, see Mem. in Support of Peti-

tion for a Writ of Habeas Corpus, 4–12. These facts have been taken from that memorandum, the state court record, as well as the R & R.

3. The original trial court opinion erroneously gave the date of the incident as October 31, 1987. Subsequent court decisions and the R & R incorporated this mistake. All references to other court opinions to October 31, 1987 should be to October 31, 1986. The distinction in no way affects the disposition of this decision, or any prior motion relevant to this matter.

4. Brand also raised the claim that his counsel prior to trial, Romaine Phillips, was ineffective.

life imprisonment for the murder charge. Petitioner filed a direct appeal with the Pennsylvania Superior Court, alleging that there was insufficient evidence to support a conviction, that the verdict shocks the conscience, and that the trial court erred by inadequately considering the diminished capacity defense, refusing to grant a new trial due to the recanted testimony, and not holding a hearing on the ineffective assistance claim. The Superior Court denied Brand's appeal and affirmed Judge McKee's decision on July 9, 1990. Petitioner then sought allocatur in the Pennsylvania Supreme Court, raising the same issues. On May 14, 1991, the Supreme Court denied allocatur.

On January 14, 1997, Brand filed a Motion for Post Conviction Collateral Relief, pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. § 9541 *et seq.* In that petition, Brand argued that he was denied effective assistance of counsel because his trial counsel: (1) failed to establish his true level of intoxication and demonstrate the effects of his head injury on his behavior immediately after the incident; (2) failed to investigate the actual circumstances of the crash through accident reconstruction, which would have undercut the prosecution's theory of the case, and failing to correct the erroneous facts relied on in the court's decision; and (3) failed to cross-examine Commonwealth witnesses on key points regarding Brand's pre and post incident behavior. The petition also claimed that Hightower's testimony about the incident in a related civil lawsuit differed so sharply from his testimony at Brand's criminal trial, it amounted to after-discovered evidence, requiring a new trial. On October 27, 1997, Judge James Lineberger dismissed Brand's PCRA petition without holding an evidentiary hearing. Judge Lineberger issued a

brief written opinion on June 1, 1998, concluding that petitioner's claims lacked merit. Brand appealed that denial to the Superior Court, who affirmed Judge Lineberger's decision on March 22, 1999.

Brand then petitioned the Pennsylvania Supreme Court for review, raising the following questions:

1. Did not the Superior Court err and/or apply the wrong standard of review in affirming the PCRA court's denial of petitioner's PCRA motion, without an evidentiary hearing, where the allegations, taken, as true, establish that trial counsel was ineffective on the grounds that he:

a) failed to establish that [Petitioner's] blood alcohol level was actually .335%, which along with expert forensic testimony, would have established that he was incapable of forming the specific intent to kill;

b) failed to investigate and present evidence which would have directly contradicted the facts on which the trial court based its verdict; and

c) failed to cross-examine the Commonwealth witnesses on critical aspects of [Petitioner's] pre- and post-accident conduct, which would have negated the element of malice?

2. Did not the Superior Court err and/or apply the wrong standard of review in determining that the after-discovered evidence, consisting of the subsequent sworn testimony of the Commonwealth's critical witness, did not contradict his trial testimony? [5]

The Supreme Court denied this request on July 15, 1999.

On October 13, 1999, petitioner filed this habeas corpus petition in federal court. In his petition, Brand alleges that he was

---

**5.** Pet. for Allowance of Appeal from the Superior to the Supreme Court at 5.

denied his Sixth Amendment right to effective assistance of counsel because trial counsel: (1) failed to establish the "true nature and degree of [his] intoxication and the effect that the injuries he suffered in the accident had on his conduct;" (2) did not "dispute and disprove the Commonwealth's evidence concerning the accident;" and (3) failed to cross-examine prosecution witnesses concerning his behavior before and after the incident. Brand also claims he is entitled to a new trial based on after-discovered evidence, namely Hightower's inconsistent testimony.[6] On June 1, 2000, Judge Wells issued a R & R, indicating that based on its merits, I should dismiss the petition. Petitioner then filed timely objections to the R & R. Specifically, Brand contested the findings of Judge Wells with regard to his ineffective assistance of counsel claims as follows:

(1) Judge Wells relied exclusively on the conclusions of the Superior Court in Brand's PCRA appeal in relation to his claims concerning his diminished capacity defense. Like the Superior Court, Judge Wells confused a sufficiency of the evidence standard of review with an ineffective assistance of counsel review and erred in finding that Brand had failed to satisfy the first prong of *Strickland v. Washington.*

(2) Judge Wells erroneously relied on the Superior Court's determination that Brand had failed to satisfy either prong of *Strickland* in relation to the failure to dispute the physical evidence of the incident; and

(3) Judge Wells erred in finding factually reasonable Superior Court's rejection of petitioner's claim that counsel was ineffective for failing to effectively cross-examine witnesses.

Brand did not object to the finding that his claim for a new trial was not appropriate grounds for federal habeas corpus relief.

## II. *Standard of Review*

Where a petition for a writ of habeas corpus has been referred to a magistrate judge for a Report and Recommendation, the district court "shall make a de novo determination of those portions of the report ... to which objection is made ... [The Court] may accept, reject, or modify, in whole or in part, the findings or recommendations of the magistrate." 28 U.S.C. § 636(b).

### A. *Application of AEDPA*

On April 24, 1996, the Anti–Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") came into effect. AEDPA amended the federal habeas statutes, codifying limitations on the conditions under which the federal courts may grant either a writ of habeas corpus or an evidentiary hearing on a petition for such a writ. *See Campbell v. Vaughn,* 209 F.3d 280, 286 (3d Cir.2000). Brand brings his habeas petition pursuant to 28 U.S.C. § 2254, which permits federal court review of petitions brought by persons in custody pursuant to a state court judgment and based upon one or more alleged violations of federal law. *See* 28 U.S.C. § 2254(a).

### B. *Exhaustion and Procedural Default*

In order for a federal court to reach the merits of a § 2254 petition, certain threshold requirements must be satisfied. Two of these requirements, with respect to each claim in the petition, are that (1) petitioner has exhausted available state court remedies and (2) the claim has not been procedurally defaulted. *See* 28 U.S.C. § 2254(b)(1)(A); *Coleman v. Thompson,*

---

**6.** Mem. of Law in Support of Petition for Writ of Habeas Corpus, 15–28.

501 U.S. 722, 729–32, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991).

The exhaustion requirement prohibits federal courts from considering a habeas petition unless "the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). In order to exhaust the available state court remedies for a federal claim, a petitioner must fairly present it in front of the highest available state court, including those courts to which appeal is discretionary. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 847–48, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999). To "fairly present" a federal claim, a petitioner must present its "factual and legal substance to the state courts in a manner that puts them on notice that a federal claim is being asserted." *See McCandless v. Vaughn*, 172 F.3d 255, 261 (3d Cir.1999)(*citing Anderson v. Harless*, 459 U.S. 4, 6, 103 S.Ct. 276, 74 L.Ed.2d 3 (1982)).

The doctrine of procedural default establishes that "a habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address those claims in the first instance" and therefore, as a matter of comity and federalism, generally cannot proceed with those claims in the federal courts. *Coleman*, 501 U.S. at 732, 111 S.Ct. 2546. A federal court may excuse procedural default and consider a claim on the merits if the petitioner can demonstrate either "cause for the default and actual prejudice as a result of the alleged violation of federal law," or that failure to consider the claim will result in a "fundamental miscarriage of justice." *Id.* at 750, 111 S.Ct. 2546.

Magistrate Judge Wells determined that Brand had exhausted his federal habeas claims in state court. While the R & R did not specifically address the issue of procedural default, it does indicate that petitioner's claims are ripe for federal review. The respondents have not objected to these findings and have conceded that Brand has exhausted his claims and demonstrated that he did not procedurally default those claims. Therefore, I will evaluate petitioner's claims based upon their merits.

C. *Review of Claims Under Section 2254(d)*

Brand's federal habeas petition seeks relief pursuant to 28 U.S.C. § 2254. With regard to the proper standard of review of claims in a § 2254 petition, the statute provides, in pertinent part, that:

(d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.

28 U.S.C.A. § 2254(d)(1) (West Supp.2001). In *Williams v. Taylor*, the Supreme Court addressed the interpretation of 2254(d)(1). As an initial point, "[t]he threshold question under AEDPA is whether [petitioner] seeks to apply a rule of law that was clearly established at the time his state-court conviction became final." *Williams v. Taylor*, 529 U.S. 362, 390, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). The court may the proceed to determine if the state court decision was "contrary to" or an "unreasonable application" of this clearly established law.

Under the "contrary to" clause, a federal habeas court may grant the Writ if the state court arrives at a conclusion oppo-

site to that reached by this [the Supreme] Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Id.* at 412–13, 120 S.Ct. 1495. To be an "unreasonable application" of clearly established federal law, the state court's application must be objectively unreasonable. *Id.* at 409, 120 S.Ct. 1495; *Werts v. Vaughn*, 228 F.3d 178, 197 (3d Cir.2000). A court may also provide relief under the AEDPA if the state court decision was "based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(2).

## D. *Factual Determinations of the State Court*

The relevant provision of § 2254(e) provides:

(1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

28 U.S.C. § 2254(e)(1). Where the factual basis of a petitioner's claim was developed, either implicitly or explicitly at the state court level, then the federal habeas court must apply the presumption of correctness codified in § 2254(e)(1), which a petitioner can only rebut with clear and convincing evidence. *See Parke v. Raley*, 506 U.S. 20, 35, 113 S.Ct. 517, 121 L.Ed.2d 391 (1992); *Campbell*, 209 F.3d at 285–86. Where the petitioner did not develop the factual basis for the claim in state court, the habeas court may, in limited circumstances, hold an evidentiary hearing on the factual issue.[7] Though district courts formerly had a more significant fact finding role, the AEDPA heightened the deference that federal courts must give to the factual findings and legal determinations of the state courts whose decision they are reviewing. *See Werts*, 228 F.3d at 196.

## III. *Discussion*

Brand claims he is entitled to federal habeas relief on the grounds that at trial he was denied effective assistance of counsel.[8] Claims of ineffective assistance are analyzed under the two-part test articulated in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In order to merit habeas relief due to the ineffectiveness of counsel, petitioner must establish that (1) counsel's performance fell well below an objective standard of reasonableness, and (2) counsel's deficient performance prejudiced the defendant, resulting in an unreliable or fundamentally unfair outcome of the proceeding. *See id.* at 687, 104 S.Ct. 2052. Counsel is pre-

---

**7.** In the instant case, the parties agree that petitioner developed the factual record in the state court proceedings. Based on this agreement, I elected not to hold an evidentiary hearing.

**8.** Brand's fourth grounds for relief, arguing for a new trial based on after-discovered evidence, is not an ineffective assistance of coun-

sel claim. Magistrate Judge Wells determined that it did not properly present a ground for federal habeas relief. Petitioner did not object to this finding and I will adopt the recommendation of Judge Wells that this claim be dismissed. The remaining three grounds are all ineffective assistance of counsel claims and I will address them above.

sumed to be effective and petitioner bears the burden of "overcom[ing] the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* at 686–89, 104 S.Ct. 2052. *Strickland* establishes a demanding standard of ineffectiveness that requires petitioner to prove the "gross incompetence" of his counsel. *Kimmelman v. Morrison*, 477 U.S. 365, 382, 106 S.Ct. 2574, 91 L.Ed.2d 305 (1986). Where counsel failed to raise a meritless claim, relief under *Strickland* is not available. *See Strickland*, 466 U.S. at 691, 104 S.Ct. 2052.

The Pennsylvania Supreme Court has developed an ineffective assistance standard that requires a petitioner to demonstrate that (1) the underlying claim is of arguable merit, (2) counsel had no reasonable basis for the act or omission in question, and (3) but for counsel's act or omission, the outcome of the proceedings would have been different. *See Commonwealth v. Douglas*, 537 Pa. 588, 645 A.2d 226, 230–31 (1994); *Commonwealth v. Pierce*, 515 Pa. 153, 527 A.2d 973, 975 (1987). This standard has been found to be materially identical to the test enunciated in *Strickland*. *See Werts*, 228 F.3d at 203. The Third Circuit has ruled that this standard is not "contrary to" *Strickland*, and therefore, "the appropriate inquiry is whether the Pennsylvania courts' application of *Strickland* to [petitioner's] ineffectiveness claim was objectively unreasonable, *i.e.*, the state court decision, evaluated objectively and on the merits, resulted in an outcome that cannot reasonably be justified under *Strickland*." *Id.*, at 204.

For each of petitioner's remaining claims, the standard for ineffective assis-

tance of counsel articulated in *Strickland* provides the "clearly established Federal law" required by 28 U.S.C. § 2254(d)(1). *See Williams*, 529 U.S. at 391, 120 S.Ct. 1495. In order to prevail on his petition, then, Brand must demonstrate that the state court decision was "contrary to" or an "unreasonable application" of the two part test laid out by the Supreme Court in the *Strickland* decision. Because Brand cannot make this showing, I must dismiss his petition for a writ of habeas corpus.

### A. Diminished Capacity

■ At trial petitioner argued that his level of intoxication precluded him from forming the specific intent necessary to sustain a first degree murder conviction.[9] Brand, however, argues that his trial counsel was ineffective in failing to establish the true nature and degree of his intoxication. Specifically, petitioner contends that counsel acted ineffectively by stipulating to a blood alcohol level (BAC) of .23% when evidence indicated Brand's BAC was actually .335%. Further, his attorney failed to present evidence of the impact of Brand's head injury on his post-incident behavior.

In order to present a valid ineffective assistance of counsel claim, Brand must show first that the conduct of his trial counsel failed to conform to an objectively reasonable standard and second, that failure prejudiced his defense. *See Strickland*, 466 U.S. at 687–88, 104 S.Ct. 2052. Brand presented this identical issue in his PCRA petition, asserting that his attorney failed to satisfy the requirements for effective assistance of counsel by stipulating to a BAC of .23% and not presenting expert

---

9. Under Pennsylvania law, a defendant may present evidence of intoxication to reduce a murder charge from first to third degree. *See* 18 Pa.C.S.A. § 308. "The critical inquiry is whether the defendant was overwhelmed by an intoxicant to the point of losing his rationality, faculties, or sensibilities so as to negate or lower the specific intent to kill." *Commonwealth v. Edmiston*, 535 Pa. 210, 634 A.2d 1078, 1085 (1993).

evidence concerning the impact of his head injury. In reviewing that petition, the Superior Court noted that "[t]here is no question trial counsel presented a vigorous diminished capacity defense." *Commonwealth v. Brand*, No. 4919 Philadelphia 1997, slip op. at 5. The Superior Court, quoting the trial court's opinion extensively, went on to conclude that Judge McKee had considered, and rejected, petitioner's diminished capacity defense:

> Defense counsel argues that since the defendant's blood alcohol was three times the legal limit, the evidence rebutted the defendant's ability to form a specific intent to kill. However, the physical evidence and credible testimony is not only persuasive, but conclusive, as to the defendant's ability to form an intent to kill.

*Id.* (*quoting Trial Court Opinion*, December 29, 1989, at 12–14). Specifically, the trial court found it significant that Brand's own testimony showed actions inconsistent with a diminished capacity defense. Moreover, the physical evidence indicated that petitioner had driven his car with precision in order to strike the victim and just prior to the incident had maintained control of the car without difficulty. *Id.* Based upon these findings the Superior Court concluded that Brand had failed to satisfy the requirements for ineffective assistance of counsel. First, trial counsel's performance had not been deficient as he "adequately presented" the diminished capacity defense, including the argument that petitioner's BAC was three times the legal limit, which the trial court "cogently rejected." The court also found a lack of prejudice, noting that the "outcome at trial would have been the same even if the trial court would have accepted that [Brand's] blood alcohol content was .335%." *Id.* at 7.

As a threshold matter, I must accept the factual determinations of the state courts in relation to each of Brand's claims as petitioner has failed to rebut the presumption of correctness with clear and convincing evidence. *See Campbell*, 209 F.3d at 285–86. Based on these findings, the decision of the Superior Court is neither contrary to or an unreasonable application of the Sixth Amendment right to effective assistance of counsel. In its opinion, the Superior Court clearly identified the ineffective assistance of counsel standard as articulated by the Pennsylvania Supreme Court. *See id.* at 5. This standard satisfies the requirements of *Strickland* and therefore is not contrary to federal law. *See Werts*, 228 F.3d at 203. The application of that standard to the facts of petitioner's case was also not objectively unreasonable. The Superior Court relied on the unequivocal statements of the trial court judge in concluding that Brand's counsel neither acted deficiently, nor prejudiced Brand's defense. Judge McKee's findings support the Superior Court's application of the relevant law to the particular facts of petitioner's case. In spite of the stipulation as to the BAC between the parties, Judge McKee acknowledged defense counsel's argument that Brand had a BAC of three times the legal limit. Judge McKee found that regardless of the quantity of alcohol Brand had consumed on the night of the incident, other evidence proved, beyond a reasonable doubt, his intent to kill Robin Harris. Specifically, he relied on Brand's own testimony, the physical evidence of the incident, and witness testimony concerning his ability to control the car, and his behavior immediately after the incident.

Though petitioner contends his trial attorney could have undermined this conclusion by presenting evidence of the impact of his head injury on his post-incident behavior, this argument is unpersuasive. While Judge McKee did express some concern about Brand's apparently callous atti-

tude towards the victim after the incident, most of the evidence he relied upon to find the necessary intent, happened prior to the time Brand struck his head. Brand's recollection of the events, his apparently precise driving, and eyewitness testimony about his level of control of the vehicle in the moments just prior to the time petitioner's vehicle struck Harris, are more probative of his intent than his conduct after the impact and his head injury. Because Judge McKee supported his finding of intent with ample evidence from the more essential time period, petitioner cannot demonstrate prejudice based on the failure of his trial counsel to present evidence about the impact of the head injury. In light of Judge McKee's carefully reasoned analysis, the conclusion reached by the Superior Court is not an objectively unreasonable interpretation of the ineffective assistance of counsel standard. Trial counsel's stipulation to a lower BAC and failure to present evidence of the impact of petitioner's injury do not provide grounds for federal habeas relief.

### B. *Failure to Dispute and Disprove the Commonwealth's Evidence*

■ During Brand's trial, the Commonwealth offered evidence that he purposefully aimed his car at Harris, accelerated towards her, and struck both Harris and Hightower with significant force. In support of this, the prosecution placed into evidence a photograph of a buckled brick wall and the testimony of Hightower. Petitioner contends here, as he did in his PCRA petition, that his trial counsel was ineffective for failing to "dispute and disprove" this evidence concerning the accident. According to petitioner, he could have offered expert testimony that would have demonstrated the vehicle traveled at a speed between 20–30 miles per hour, with an inference towards the slower speed.[10] The Superior Court considered and rejected that contention. Though the trial court considered the path of the vehicle, its precision, and its speed, as evidence of the specific intent to kill, the Superior Court did not believe that the expert testimony petitioner's counsel failed to offer at trial would have undermined the conclusion reached by Judge McKee. According to the Superior Court, petitioner contended he was traveling at approximately 25 miles per hour and noted that "twenty-five miles per hour is a high rate of speed when one is aiming one's car at pedestrians in order to hit them." *Commonwealth v. Brand,* No. 4919 Philadelphia 1997, slip op. at 7. Moreover, the court determined that the proposed expert testimony was consistent with Hightower's trial testimony and the physical damage to the wall. Because of the congruity and consistency of the evidence, the expert testimony concerning the rate of speed, "would have had absolutely no impact on the outcome at trial." *Id.* at 8.

Petitioner has failed to demonstrate that the Superior Court's consideration of this claim was either contrary to or an unreasonable application of the right to effective assistance of counsel. The Superior Court considered Brand's claim under a legal standard consistent with federal law. In deciding that the presentation of evidence would have had no impact on the outcome of the case, the court did not reach an objectively unreasonable conclusion. The distinction between 20 and 30 miles per

---

10. Petitioner also noted that Harris did not die until 11 days after the accident and that Hightower walked away from the accident with relatively minor injuries. Brand considers this evidence that he did not drive the car towards Harris and Hightower at a very high speed. The same analysis that applies to the "unoffered" expert testimony also applies to this argument.

hour, in the context of this incident, where petitioner steered his car onto the sidewalk and deliberately struck two pedestrians, is not significant enough to undermine one's confidence in the outcome at trial. While arguing on post-trial motions, plaintiff's trial counsel challenged Judge McKee's recollection of the physical evidence. *See* Tr. of July 12, 1989, at 29. However, with the photographs in front of him, Judge McKee reiterated his earlier finding, that based on the positioning of the car and damage to the wall, Brand must have deliberately aimed his car at the victim. *Id.* at 30. The trial court's repeated reliance, not only on the speed, but also on the precision of the driving supports the conclusion of the Superior Court that any failure of trial counsel to challenge the Commonwealth's representation of the physical evidence, would not have altered the outcome of trial. Because the Superior Court's findings on this issue articulate an appropriate legal standard and are not an unreasonable application of that standard, I must also dismiss this claim.

### C. *Failure to Cross–Examine Witnesses on Brand's Pre- and Post Incident Behavior*

At petitioner's trial, the prosecution offered evidence of his intent through testimony about his conduct both before and after the accident. In his third and final ineffective assistance of counsel claim, Brand claims his trial counsel was ineffective for failing to effectively cross-examine two of these witnesses, Olious Hightower and Lt. Thomas Kerr, a firefighter who spoke with plaintiff shortly after the incident.

### A. *Hightower's Testimony*

■ Hightower testified at trial that as he and Harris began walking away from Brand, Brand got out of the car, pointed a gun at Harris's face and stated, "I **should** kill you." Trial Tr., November 22, 1988, at 79 (emphasis added). However, in his statement to the police just days after the accident, he noted only that petitioner had a gun in his hand and said to Harris, "I **could** kill you." Statement of Olious Hightower, November 5, 1986, at 2 (emphasis added). Petitioner argues that the failure of his trial counsel to cross-examine Hightower on these distinctions, particularly in light of other flaws in Hightower's testimony, constituted ineffective assistance of counsel. In disposing of the same claim, the Superior Court indicated that any distinction between the two statements was "insignificant." *Commonwealth v. Brand,* No. 4919 Philadelphia 1997, slip op. at 8.

Though petitioner argues that the Superior Court committed clear error in making the finding of insignificance, I find the interpretation of the differences to be a reasonable one, and thus, I must accept the determination. Petitioner cannot demonstrate that the actions of the Superior Court were either contrary to or an unreasonable application of clearly established federal law. The Superior Court identified and applied the correct standard for an ineffective assistance of counsel claim. Because the differences in the testimony were "so slightly different," the Superior Court did not unreasonably apply the ineffective assistance standard in upholding the dismissal of Brand's PCRA petition. Accepting the factual finding of the Superior Court, petitioner cannot satisfy either prong of a *Strickland* claim. Given the unimportance of the discrepancy, trial counsel's failure to cross-examine on the difference did not deviate from an acceptable standard of reasonableness. Additionally, the failure to cross-examine could not have prejudiced Brand because Hightower's testimony remained fundamentally consistent. Therefore, the failure of trial

counsel to cross-examine Hightower concerning the inconsistency of his statements does not give rise to a successful ineffective assistance of counsel claim.

### B. Lt. Kerr's Testimony

■ At Brand's trial, Lt. Thomas Kerr of the Philadelphia Fire Department testified concerning petitioner's behavior shortly after the incident. Kerr testified that Brand appeared callous and described Harris as a "bitch."[11] In fact, Kerr was so put off by petitioner's attitude that he made no further inquiry into Brand's condition. Petitioner now contends that his trial counsel failed to provide effective assistance of counsel because he did not cross-examine Kerr as to whether or not he had taken account of petitioner's intoxication in evaluating Brand's behavior. The Superior Court described this claim as "meritless," as Brand's intoxication was "totally irrelevant to his attitude." *Commonwealth v. Brand*, No. 4919 Philadelphia 1997, slip op. at 9. Moreover, because the parties had already made Judge McKee aware of petitioner's level of intoxication, any additional presentation of evidence about it "would have been cumulative." *Id.*

Petitioner's claim in regard to the testimony of Lt. Kerr does not entitle him to federal habeas corpus relief. The Superior Court's treatment of his claim was neither contrary to nor an unreasonable application of federal law. Lt. Kerr's insight into plaintiff's visible level of intoxication had little probative value, given the testimony of other witnesses, and the arguments of counsel, all of which indicated petitioner was drunk. The significance of Lt. Kerr's testimony was that Brand seemed relatively nonchalant about having just hit two pedestrians with his car and the trial court interpreted this evidence in a manner consistent with this. Even after Lt. Kerr expressed his uncertainty about petitioner's use of the term "bitch," Judge McKee found that Brand's "attitude toward the decedent was every bit as callous as the original trial testimony had suggested." *Trial Court Opinion*, December 29, 1989, at 10. Therefore, petitioner failed to demonstrate that trial counsel acted ineffectively in failing to cross-examine Lt. Kerr or that he suffered prejudice as a result of that omission.[12]

### ORDER

**AND NOW,** this day of July, 2002, it is **ORDERED** that:

(1) Petitioner's objections to the Report and Recommendation of Magistrate Judge Carol Sandra Moore Wells are **OVERRULED;**

(2) The Report and Recommendation is **APPROVED** and **ADOPTED** as supplemented by the accompanying memorandum;

11. Lt. Kerr later appeared before the trial court and testified that he was uncertain as to whether Brand had actually used the term "bitch" to describe the victim. He, however, reiterated his impression that Brand displayed a notable "uncaringness" given the situation. Tr. of July 12, 1989 at 9–10.

12. Petitioner offers the additional argument that in considering any prejudice from each individual ineffective assistance of counsel claim, I must take account of the cumulative and magnifying effect of all other instances of ineffectiveness. Petitioner has failed to show an individual instance where his trial counsel's representation fell below an objective standard of reasonableness. Because he has not satisfied the first *Strickland* requirement, I need not even examine the prejudice to the defendant. Even assuming, however, that Brand's claim can advance to the prejudice inquiry, I find that the cumulative effect of the deficiencies did not cause a fundamentally unfair outcome at trial.

(3) The Petition for a Writ of Habeas Corpus is **DENIED** and **DISMISSED** without an evidentiary hearing; and

(4) There is no basis for the issuance of a certificate of appealability.